# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CAROL O'BRIEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:18-CV-02021-JCH |
| ) | |
| US 1 LOGISTICS, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORARNDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand, filed December 28, 2018. (ECF No. 11). The matter is fully briefed and ready for disposition.

## BACKGROUND

On October 19, 2018, Plaintiff O'Brien filed a civil action against Defendants, US 1 Logistics, LLC, US 1 Industries, Inc., and Shannon Moise ("Defendants"). Plaintiff's petition is based on personal injuries suffered on October 21, 2013, as a result of a tractor-trailer and vehicle collision in the City of St. Louis, Missouri. Plaintiff alleges that the tractor-trailer was being operated by Defendant Shannon Moise who, at the time of the incident was in the employment of either, US 1 Logistics, LLC and/or US 1 Industries Inc. Plaintiff asserts claims for negligence, negligent entrustment and negligent hiring and retention, and agency. On November 1, 2018, Defendant US 1 Logistics, LLC was served with summons. The initial summons issued to Defendant Moise was returned un-served. On November 27, 2018, Plaintiff filed a request for alias summons with regard to Defendant Moise. On December 3, 2018, the Defendants US 1 Logistics, LLC and US 1 Industries Inc., filed Notice of Removal with the Court pursuant to 28 U.S.C. § 1332.

1

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—citizens of different States." "The removing party bears the burden of establishing federal jurisdiction by a preponderance of the evidence." *Boschert v. Wright Medical Group, Inc.*, 2015 WL 1006482, at *2 (E.D. Mo. Mar. 6, 2015) (citing *Altimore v. Mount Mercy College*, 420 F.3d 763, 768 (8th Cir. 2005)). Removal statutes are strictly construed, and "any doubts about the propriety of removal must be resolved in favor of remand." *Green v. Arizona Cardinals Football Club LLC*, 21 F.Supp.3d 1020, 1025 (E.D. Mo. 2014) (citing *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993)). Diversity jurisdiction requires complete diversity between citizens; therefore the Defendant cannot hold the same citizenship as the Plaintiff. *Eckerberg v. Inter-State Studio Publishing Co.*, 860 F.3d 1079, 1084 (8th Cir. 2017).

Although a defendant generally may remove a case to federal court when the federal court would have original jurisdiction over the action, "there is a restriction on the removal of diversity cases known as the 'forum defendant rule.'" *Perez v. Forest Laboratories, Inc.*, 902 F.Supp.2d 1238, 1241 (E.D. Mo. 2012). This rule, set forth in 28 U.S.C. § 1441(b), "makes diversity jurisdiction in a removal case narrower than if the case was originally filed in federal court by the plaintiff." *Johnson v. Emerson Elec. Co.*, 2013 WL 5442752, at *1 (E.D. Mo. Sep. 30, 2013) (citations omitted). "Under § 1441(b), a defendant can remove a case based on diversity jurisdiction 'only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'" *Id.* (citing *Lincoln Prop.*

*Co. v. Roche*, 546 U.S. 81, 90 (2005); *Horton v. Conklin*, 431 F.3d 602, 604 (8th Cir. 2005) (quoting 28 U.S.C. § 1441(b)); *Pecherski v. General Motors Corp.*, 636 F.2d 1156, 1160 (8th Cir. 1981)). Federal courts thus lack diversity jurisdiction over a removed case in which one or more of the defendants is a citizen of the forum state. *See Perez*, 902 F.Supp.2d at 1241. "[T]he violation of the forum defendant rule is a jurisdictional defect and not a mere procedural irregularity capable of being waived." *Horton*, 431 F.3d at 605 (internal quotations and citation omitted).

## DISCUSSION

### I. Removal Under the Forum-defendant Rule

Defendants US 1 Logistics, LLC and US 1 Industries Inc., assert that removal is proper based on diversity jurisdiction; that Plaintiff O'Brien is a resident of Illinois; that Defendant US 1 Logistics, LLC is limited liability company whose members reside in Florida and Indiana; that Defendant US 1 Industries, Inc., is an Indiana corporation with its principal place of business in Indiana; that Defendant Moise is a citizen of Missouri; and that the amount in controversy is in excess of $75,000.00. (ECF No. 1). Plaintiff O'Brien asserts that removal was improper because Defendant Moise is a citizen of Missouri; that Defendant Moise is a forum-defendant and therefore the case should not be removable under §28 U.S.C. 1441. (ECF No. 12).

Both Plaintiff and US 1 Defendants admit that upon their information and belief, Defendant Moise is a citizen of Missouri. Rather the Parties debate the application of Section 1441. Section 1441 does not allow for removal under §1332(a) "if any of the parties in interest properly *joined and served* as defendants is a citizen of the state in which such action is brought." 28 U.S.C. 1441(b)(2)(emphasis added). Once served and joined, Defendant Moise would be a forum-defendant. US 1 Defendants assert that Defendant Moise's citizenship is

irrelevant because at the time of removal Defendant Moise had not been served. To date Defendant Moise has not been served.

"By requiring that the forum defendant be properly joined and served, the forum defendant rule attempts to eliminate the potential abuses of a plaintiff improperly joining a forum defendant, or alternatively, joining a forum defendant that the plaintiff has no honest intention of actually pursuing in litigation." *Perez v. Forest Laboratories, Inc.,* 902 F.Supp. 2d 1238, 1242 (E.D. Mo, Oct. 10, 2012)(citing 28 U.S.C. §1441(b)(2)).

Plaintiff asserts that Defendant Moise is not a sham Defendant. Plaintiff additionally argues that removal prior to the service and joinder of the in-forum defendant smacks of forum shopping or bad-faith removal. (ECF No. 12). In *Perez v. Forest Laboritories, Inc.*, 902 F. Supp 2d 1238 (E.D. Mo, Oct. 10, 2012), the Court was presented with a similar issue to that presently before the Court. The Court in *Perez* weighed the value of adhering to the strict construction of the join and serve language of the forum defendant rule against policy considerations. *See generally, Perez v. Forest Laboratories, Inc.,* 902 F. Supp. 2d 1238 (E.D. Mo, Oct. 10, 2012). The Court in *Perez* suggests that "an out-of-state defendant's removal when there is an unserved forum defendant…has…been deemed inconsistent with policy, and subject to remand." *Id.* at 1244. Here, US 1 Defendants argue that their removal is not disingenuous because they waited to remove this case until the last date available to them for timely removal. (ECF No. 13). In *Perez*, the defendants removed prior to service on any party and only six days after the Plaintiffs filed their complaint. A "snap" removal is not at issue in this case.

There are cases from this Court granting removal when the forum defendant has not yet been served in the case. In *Johnson v. Precision Airmotive, LLC.*, No. 4:07CV1695 CDP, 2007 WL 4289656, at *1 (E.D. Mo. Dec. 4, 2007), the Court held that "§1441(b) does not prohibit

4

removal in a case where the forum defendants have not yet been served with the complaint." *Id.*, *see also, Johnson v. Emerson Elec. Co.*, No. 4:13CV1240 JAR , 2013 WL 5442752, at *4 (E.D. Mo. Sept. 30, 2013)(determining that "[b]ecause the Missouri citizen, Emerson was not served at the time of removal, the limitation on removal in §1441(b) does not apply.").

The Court has additionally narrowed the application of §1441(b) by suggesting that service must be completed on at least one defendant, and no forum defendant, before the case may be removed. *Rogers v. Boeing Aerospace Operations, Inc.*, 13 F. Supp. 3d 972, 978 (E.D. Mo. 2014). This interpretation of the language of § 1441(b) limits the risk of cases in which a defendant can remove before service of any defendant and imposes a "modest burden" on the Plaintiffs to "serve [the forum defendant] before any others." *Id.*, citing *Perez v. Forest Labs., Inc.*, 902 F. Supp. 2d 1238, 1246 (E.D. Mo. 2012). The Plaintiff has not served the forum-defendant in this case. Additionally, US1 Defendants waited until the last possible day to remove. The forum-defendant limitation on removal will therefore not apply.

## II. Complete Diversity of Citizenship

Plaintiff further argues that diversity jurisdiction should be defeated because the Plaintiff is a citizen of Illinois, and Defendant US 1 Logisitics, LLC, maintains an office in Illinois, making it a citizen of the State of Illinois. (ECF No. 12). The Eighth Circuit has been clear that for the purpose of diversity jurisdiction, a limited liability company takes the citizenship of each of its members. *See E3 Biofules, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015). US1 Defendants have stated in their Notice of Removal that Defendant US 1 Logistics, LLC's members reside in Florida and Indiana. Therefore, Defendant US 1 Logistics, LLC is a citizen of Florida and Indiana for diversity purposes, and complete diversity exists in this case.

### III. Amount in Controversy

Plaintiff additionally asserts that she is willing to limit her damages to no more than $74,000.00 so as to not exceed the threshold required to satisfy diversity jurisdiction. (ECF No. 12). Defendant argues that on the basis of the Complaint, Plaintiff's alleged injuries would exceed $75,000.00. "The basis for removal jurisdiction is determined at the time the complaint is filed rather than at the time when the notice of removal is filed" Nationwide Ins. Co. of Am. v. Knight, 2017 WL 2889487, at *3 (E.D. Mo. July 6, 2017). Post-removal stipulations limiting the amount in controversy do not automatically defeat removal if the amount-in-controversy was satisfied at the time the complaint was field. *Id.*(citing, *Neighbors v. Muha,* No. 05-472-CV-W-GAF, 2005 WL 2346968, at *3 (W.D. Mo. Sept. 26, 2005); *Halsne v. Liberty Mut. Grp.,* 40 F. Supp. 2d 1087, 1090 (N.D. Iowa 1999)(citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938)). In her Petition, the Plaintiff alleges injuries, pain and suffering to her left shoulder, neck, head and back; damages for past, present and future medical treatment, property damage to her vehicle; and lost wages. Absent a formal stipulation limiting damages and based on the damages alleged in Plaintiff's petition the Court finds that Plaintiff's alleged injuries meet the amount-in-controversy requirement.

Plaintiff's Motion for Remand will therefore be denied.

### CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (ECF No. 11) is **DENIED** without prejudice;

Dated this 4th Day of April, 2019.

/s/ Jean C. Hamilton  
UNITED STATES DISTRICT JUDGE